# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAHIID MUJAHEED ALAMIIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-19-106-G ) |
| JOE M. ALLBAUGH et al., | ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court for review of the Supplemental Report and Recommendation ("R. & R.") (Doc. No. 16) issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a state prisoner appearing pro se, brings this federal civil rights action under 42 U.S.C. § 1983 for violation of the United States Constitution and under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").[1]

On screening, Judge Purcell has recommended dismissal of Plaintiff's claims pursuant to 28 U.S.C. § 1915A. *See* R. & R. at 1-12; 28 U.S.C. § 1915A(b). Plaintiff has filed a timely written objection to the R. & R., *see* Pl.'s Obj. (Doc. No. 19),[2] thus triggering the Court's obligation to make a de novo determination of those portions of the R. & R. to which specific objection is made. *See* 28 U.S.C. § 636(b)(1); *United States v. 2121 E. 30th*

---

[1] 42 U.S.C. §§ 2000cc to 2000cc-5.

[2] On April 25, 2019, the Court granted Plaintiff's request for an extension of time in which to file his Objection, extending Plaintiff's deadline from April 18, 2019 to May 24, 2019. *See* Doc. No. 18. The docket reflects that Plaintiff placed his Objection into his facility's mail system on that date. *See* Doc. No. 19-1.

*St.*, 73 F.3d 1057, 1059 (10th Cir. 1996); Fed. R. Civ. P. 72(b)(3). Issues or claims raised for the first time in such an objection, however, are deemed waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Plaintiff's claims arise from events alleged to have occurred at North Fork Correctional Center ("NFCC"), where he is currently housed. *See* Compl. (Doc. No. 1) at 2, 9, 16, 20. In his four-count Complaint, Plaintiff brings claims against three defendants, each in his or her individual and official capacities: Joe M. Allbaugh,[3] the former Director of the Oklahoma Department of Corrections ("ODOC"); Shirley May, the Correctional Health Service Administrator at NFCC; and Dionne Blackmon, the Food Service Supervisor at NFCC. *See id.* at 1. Plaintiff seeks punitive damages and declaratory and injunctive relief. *See id.* at 8-9, 14-15, 18-19, 23-24.

The Court takes judicial notice of the fact that Plaintiff was convicted in Oklahoma state court in 1991 under the name "James T. Shockey Jr." *See* Special R. Ex. 1, publicly filed in *AlAmiin v. Crow*, No. CIV-13-1001-G (W.D. Okla.) (Doc. No. 59-1); *see also* R. & R. at 3 & n.1. Plaintiff alleges that in 1999 he legally changed his name to Wahiid Mujaheed AlAmiin. *See* Compl. at 4. In Count One of his Complaint, Plaintiff asserts that Defendants Allbaugh and May have deprived him of his liberty interest in his personal identity in violation of the Fourteenth Amendment by requiring him to use his former name

---

[3] After this lawsuit was filed, Defendant Allbaugh resigned as ODOC Director and Scott Crow was appointed ODOC Interim Director. *See Director's Office*, Okla. Dep't of Corr., http://doc.ok.gov/directors-office (last visited July 10, 2019). Thus, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Interim Director Crow is substituted as a party in this action for all claims raised against Defendant Allbaugh in his official capacity. *See* Fed. R. Civ. P. 25(d).

on internal prison communications. *See id.* at 1-9. In Count Two, Plaintiff contends that Defendants Allbaugh and May have violated his Eighth Amendment right to access to adequate medical care by requiring him to use his former name on requests for medical treatment pursuant to ODOC policy. *See id.* at 9-15. In Count Three, Plaintiff seeks relief under RLUIPA, again alleging that Defendants Allbaugh and May "have required [him] to engage in the activity of denying [his] sincerely held religious practice in order to receive access to [medical] treatment" by requiring him to use his former name. *Id.* at 15-19. In Count Four, Plaintiff asserts that Defendants Allbaugh and Blackmon are not providing him with an adequate Halal diet, thereby imposing a substantial burden on his sincerely held religious beliefs in violation of RLUIPA. *See id.* at 19-23.

Judge Purcell recommends that Counts One, Two, and Three be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) because they are duplicative of claims Plaintiff asserted in another action currently pending before this Court. *See* R. & R. at 5-6, 11 (citing *AlAmiin*, No. CIV-13-1001-G (W.D. Okla.)). Judge Purcell further recommends that Count Two alternatively be dismissed for failure to state a claim upon which relief may be granted and that Court Four be dismissed as untimely. *See id.* at 6-9; 28 U.S.C. § 1915A(b)(1). Judge Purcell also recommends that all official-capacity claims for monetary relief be dismissed as barred by the Eleventh Amendment. *See* R. & R. at 10-11; 28 U.S.C. § 1915A(b)(2). The sole issue to which Plaintiff makes specific objection is whether Counts One, Two, and Three are duplicative of claims alleged in Case No. CIV-13-1001-G. The Court therefore finds that Plaintiff has waived further review of all other

issues addressed in the R. & R. and adopts the recommendation as to those issues. *See* 28 U.S.C. § 1915A; Fed. R. Civ. P. 72(b)(3); *2121 E. 30th St.*, 73 F.3d at 1060.

Upon de novo consideration of the remaining issue, the Court finds that—while the allegations in Claims One, Two, and Three repeat many of the same criticisms raised in Case No. CIV-13-1001-G—distinctions in time, location, and participants preclude dismissal. *See* Compl., *AlAmiin*, No. CIV-13-1001-G (W.D. Okla.) (Doc. No. 1). The Tenth Circuit has directed that "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted). "Generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Ford v. Mischeviz,* 68 F. App'x 877, 878 (10th Cir. 2003) (alteration and internal quotation marks omitted). Though the issues Plaintiff raises in both lawsuits are substantially similar, the constitutional and RLUIPA violations alleged in the earlier action arose at Lawton Correctional Facility prior to Plaintiff's transfer to NFCC, while the instant action involves alleged violations occurring at NFCC. The two actions share only one defendant: ODOC Interim Director Crow in his official capacity. *See* Fed. R. Civ. P. 25(d). Based upon these distinctions, the Court does not find that the two actions are virtually identical for purposes of dismissal under 28 U.S.C. § 1915A(b)(1).

Accordingly, the Supplemental Report and Recommendation (Doc. No. 16) is ADOPTED IN PART. The Court declines to adopt the portion of the R. & R. recommending dismissal of Counts One, Two, and Three as duplicative. The Court adopts the R. & R. in all other respects, including the alternative recommendation that Claim Two

be dismissed for failure to state a claim. Therefore, the following claims are dismissed without prejudice:

1. Plaintiff's Eighth Amendment claim against Defendants Allbaugh, Crow, and May for denial of adequate medical care (Count 2);

2. Plaintiff's RLUIPA claim against Defendants Allbaugh, Crow, and Blackmon for failure to provide an adequate Halal diet (Count 4); and

3. All claims seeking money damages against Defendants in their official capacities.

This matter is re-referred to Magistrate Judge Purcell for further proceedings.

IT IS SO ORDERED this 10th day of July, 2019.

_____
CHARLES B. GOODWIN
United States District Judge